JS-6

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   CV 15-01795 JLS | Date: March 8, 2016 |
|                 CV 15-02936 JLS | |
|                 CV 15-03583 JLS | |
| Title:  In Re James Arthur Krage | |

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings: (In Chambers) ORDER REMANDING TO BANKRUPTCY COURT**

The three above-referenced cases are fully briefed appeals of Orders of the bankruptcy court. As set forth more fully below, the Court remands these matters to the bankruptcy court for consideration of Appellant's requests for extensions of time.

**I.      Background**

Appellant James Arthur Krage ("Krage") filed three appeals.

**(1) Case No. 2:15-CV-01795-JLS ("1795 Appeal")**

In the first case, Krage appeals from the February 10, 2015 Order Granting in Part Motion to Declare Krage a Vexatious Litigant ("Vexatious Litigant Order") in United States Bankruptcy Case No. 2:12-BK-17916-WB ("17916 BK Case"), and the related Adversary Proceeding 2:14-AP-01687-WB ("1687 AP Case"). (*See* 1795 Appeal, Doc. 2.) The Notice of Appeal was filed with the Clerk of the Bankruptcy Court for the Central District of California on March 9, 2015. (*Id.*)

**(2) Case No. 2:15-CV-02936-JLS ("2936 Appeal")**

The Notice of Appeal filed to initiate the second case was filed on the same date, March 9, 2015, and appeals from the same order as the 1795 Appeal. (2936 Appeal, Doc. 2.) Thus, the 2936 Appeal appears to be wholly duplicative of the 1795 Appeal. However, Krage has attempted to introduce new issues in the second appeal with the filing on March 24, 2015, of his Statement of Issues on Appeal. (2936 Appeal, Doc. 3.) Therein, Krage purports to appeal issues related to his requests to file criminal complaints, to his request to recuse the judicial officer, his

_____

JS-6

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CV 15-01795 JLS<br>          CV 15-02936 JLS<br>          CV 15-03583 JLS | Date: March 8, 2016 |
| Title:  In Re James Arthur Krage | |

request to continue the hearing, and whether a number of the bankruptcy court's findings of fact and conclusions of law were erroneous.  (*See generally id.*)

### (3) Case No. 2:15-CV-03583-JLS ("3583 Appeal")

In his third and final case, Krage appeals from the bankruptcy court's Order Denying Debtor's Writ of Error, Motion to Reconsider, and Request to Recuse Judge Brand ("Denial of Reconsideration Order"). (*See* 3583 Appeal, Doc. 2.) The Denial of Reconsideration Order is also dated February 10, 2015, and is filed in the 17916 BK case (but not the 1687 AP Case). (*Id.*)  Like the other two Notices of Appeal, the Notice of Appeal in the 3583 Appeal was filed in the bankruptcy court on March 9, 2015.

### II.    Timeliness

In two of the three cases, Appellees argue that Krage's appeals were filed in an untimely manner.[1] (2936 Appeal, Doc. 17 at 8-11; 3583 Appeal, Doc 14 at 10-14.)

The Federal Rule of Bankruptcy 8002 defines the time period in which a notice of appeal may be filed. Subject to exceptions not applicable here, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). The filing of a timely notice of appeal of a bankruptcy court order is jurisdictional, and therefore the failure to file a timely notice of appeal bars appellate review. *In re Wiersma*, 483 F.3d 933, 938 (9th Cir. 2007).

Because the Notices of Appeal filed by Krage were all filed more than fourteen days after the dates of the entry of the orders from which he appeals, his appeals are untimely on their face. However, this time period may be extended by the bankruptcy court in certain circumstances. First, generally, on a party's motion, the time in which to file a Notice of Appeal may be extended by the bankruptcy court during the initial 14-day period. Fed. R. Bankr. P. 8002(d)(1)(A).

___

[1] Although this argument was made in only two of the three appeals, it is equally applicable to all three.

___

JS-6

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 15-01795 JLS                                              Date: March 8, 2016
           CV 15-02936 JLS
           CV 15-03583 JLS

Title:  In Re James Arthur Krage

      Krage filed requests to extend the time in which to file Notices of Appeal in both the AP and the BK cases.[2]  (17916 BK Case Doc. 190; 1687 AP Case Doc. 67.)  He did not file those requests before the expiration of the initial 14-day appeal period; however, where that party can show excusable neglect for not seeking an extension at an earlier date, the bankruptcy court may grant an extension upon a parties' motion when it is filed within 21 days after the expiration of the initial 14-day appeal period. Fed. R. Bankr. P. 8002(d)(1)(B). Here, Krage's requests were filed on March 17, 2015, which is the 21st day after the expiration of the initial 14-day appeal period; however, for reasons that are not obvious from the record, the bankruptcy court did not rule on these requests.

      Where the reviewing court has no jurisdiction because the bankruptcy court fails to make a ruling on a request to extend the time for the filing of an appeal, the matter must be remanded to the bankruptcy court for resolution. *See, e.g.*, *In re Sambo's Restaurant, Inc.*, 27 B.R. 630, 631 (9th Cir. BAP 1983) (remanding to the bankruptcy court with instructions to consider whether the appellant could show excusable neglect for the failure to file a timely appeal); *In re Ateco Inc*, 529 B.R. 298, 300 (Bankr. C.D. Cal. 2015) (stating that the district court remanded the matter for the bankruptcy court to resolve whether an appellant met the burden of establishing excusable neglect); *In re Betacom of Phoenix, Inc.*, 250 B.R. 376, 382 (B.A.P. 9th Cir. 2000) (remanding to bankruptcy court with instructions to apply the correct legal standard in resolving appellant's motion for extension of time).

      **III.**    **Conclusion**

      Therefore, for the reasons set forth herein, the district court remands these three matters to the Bankruptcy Court for the Central District of California for its consideration and decision on Krage's Rule 8002(d)(1)(B) requests.

      **IT IS SO ORDERED.**

**cc: BKCOURT**                                                                                  Initials of Preparer:  tg

---

[2] Although there are only two requests to extend time, because the first and second appeal case are duplicative, all three appeal cases are affected by the two requests to extend time.